**UNITED STATES of America**

v.

**RADIO CORPORATION OF AMERICA**
**and**
**National Broadcasting Company, Inc.**

**Civ. A. No. 21743.**

United States District Court
E. D. Pennsylvania.

June 27, 1960.

See, also, 158 F.Supp. 333.

Bernard M. Hollander, Raymond M. Carlson, Department of Justice, Washington, D. C., for plaintiff.

Bernard G. Segal, Edward W. Mullinix, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendants.

KIRKPATRICK, District Judge.

Westinghouse has moved to intervene, alleging that certain proposed transactions on the part of the defendants would be a violation of the consent decree entered in this case. The decree retains jurisdiction for the purpose of enabling any of the parties to the final judgment, *and no one else*, to apply to this Court for further orders or directions. In view of this provision, this Court has no jurisdiction to allow the intervention sought. To hold otherwise would be to disregard the intentions of the parties when they consented to the decree and asked the approval of this Court.

The Government opposes the motion for intervention and has informed the Court that it has carefully investigated and reviewed all the facts and reached the conclusion that the proposed Boston and San Francisco acquisitions do not violate the decree. In this state of facts,

even if I had discretion to allow the intervention, I would not do so. The Government is concerned with the public interest and is satisfied that the conduct which Westinghouse complains of is not against that interest. It would not lead to an orderly administration of justice to allow intervention in this type of antitrust litigation over the objection of the authorized agency of the United States in charge of enforcing a decree which it has obtained. The movant, if it is aggrieved, must be left to such private remedy as Congress may have provided for it.

The motion is denied.