UNITED STATES of America,
Plaintiff,

v.

ALUMINUM COMPANY OF AMERICA
and Cupples Products Corporation,
Defendants.

No. 61 C 147(2).

United States District Court
E. D. Missouri, E. D.

Jan. 13, 1967.

Lee Loevinger, Asst. Atty. Gen., Charles L. Whittinghill and Edna Lingreen, Chief Counsel, U. S. Dept. of Justice, Washington, D. C., Joe E. Waters, Francis A. Kareken and James F. Buckley, Attys., Dept. of Justice, Washington, D. C., and Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., for plaintiff.

Thos. S. McPheeters, Jr., Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., William K. Unverzagt, Pittsburgh, Pa., Herbert A. Bergson, Bergson & Borkland, Washington, D. C., for defendants.

Richard D. Shewmaker, St. Louis, Mo., Peyton Ford, Leonard J. Emmerglick, Urban A. Lester, Washington, D. C., for Lupton Mfg. Co.

MEMORANDUM

MEREDITH, District Judge.

On January 4, 1967, Lupton Manufacturing Company filed in the above case a motion for leave to intervene as a plaintiff in this action, a motion for an order to show cause as to why defendants should not be found to have violated the

final order of this Court dated December 4, 1964, and a motion for a preliminary injunction enjoining the defendants from taking any action with regard to a bid submitted to the New York Port Authority to fabricate and erect the aluminum curtain wall on the World Trade Center building in New York City.

A brief hearing was held on the morning of January 4, 1967, and the matter was continued until January 12, 1967.

In the early fall of 1963 the Port of New York Authority determined to build a World Trade Center in New York City, at a total cost of $525,000,-000. This building will consist of twin 110-story towers overlooking the Hudson River. It will be the world's largest building. Cupples Products Corporation became interested in the fabrication of the curtain walls. At that time they were a wholly-owned subsidiary of Aluminum Company of America (Alcoa). The antitrust action had been brought by the government to require Alcoa to divest itself of Cupples. Proceedings had not been concluded in the district court. A decision was filed by this Court on September 22, 1964, 233 F.Supp. 718. The final judgment was entered by the district court on December 4, 1964, requiring Alcoa to divest itself of Cupples, including after-acquired property at Corona, California, 247 F.Supp. 308. An appeal was taken to the Supreme Court. The judgment of the district court was affirmed October 11, 1965, 382 U.S. 12, 86 S.Ct. 24, 15 L.Ed.2d 1. Thereafter, Alcoa's proposal to divest itself of Cupples was disapproved on August 9, 1966, 257 F.Supp. 466. The date on which Alcoa has been required to submit to the Court a plan of divestiture of Cupples is February 1, 1967.

During the entire proceedings the Antitrust Division of the Justice Department has diligently protected the interest of the public in obtaining the goal set out by this Court to restore Cupples to a position as an independent entity in the aluminum fabricating business.

From the fall of 1963 until December 1966, Alcoa and Cupples have been attempting to obtain the contract for the erection of aluminum curtain walls at the World Trade Center. Their competition in this matter have been Kawneer and Lupton in conjunction with other primary aluminum producers. The bids were apparently opened in early December 1966, and it would appear that Alcoa is the low bidder. On December 5, 1966, Lupton notified the Antitrust Division of this development and requested it to intervene and ask this Court to enjoin Cupples and Alcoa from proceeding with the bid. The Antitrust Division has vigorously examined the situation from that time to the present date and has required Alcoa and Cupples to submit a great deal of information concerning the circumstances of the bidding for the purpose of determining whether or not they have violated any provisions of the final judgment of this Court. After a careful examination of this situation, the Antitrust Division has concluded in its opinion there has been no violation warranting an injunction and it opposes the motion of Lupton to intervene in this proceeding.

Apparently the Port of New York Authority has required bids on this contract to be submitted by Alcoa and has consented to the assignment of the contract from Alcoa to Cupples. To complete the project, on which construction is scheduled to begin in January 1969, will take approximately two years.

Lupton has requested the Court for permission to intervene under Rule 24, F.R.Civ.P., and failing to intervene, Lupton suggests the Court on its own motion issue a temporary restraining order or a temporary injunction to prevent irreparable injury to themselves, to the general public, and to prevent the order of divestiture of this Court from being delayed. The Court is of the opinion that if this suggestion of Lupton's were followed and a temporary restraining

order or injunction issued, it would leave the Port of New York Authority in such a condition it would have to seek elsewhere for someone to construct the curtain wall on this project. The logical place to look under these circumstances would be Lupton, and undoubtedly this is the primary reason Lupton suggests this Court take the proposed course of action.

The entire process of this trial has been long and tedious, and the ultimate goal sought to be achieved is divestiture. This Court has no intention of permitting Lupton, or any other unsuccessful bidder on a job in which Cupples is interested, to intervene in this already complicated litigation.

It stands to reason that the Port of New York Authority has no desire to let a contract which would require it to get involved in an antitrust suit not of its own making.

Cupples, like any other company that has been ordered to be sold, has had personnel problems and to deprive it of this particular contract would further complicate its salability.

There is considerable authority to support the view that no one other than the government should be permitted in this law suit at this time, and none to support intervention. United States v. Radio Corporation of America, 186 F. Supp. 776 (E.D.Pa.1960), appeal dismissed Westinghouse Broadcasting Co. v. United States, 364 U.S. 518, 81 S.Ct. 293, 5 L.Ed.2d 264 (1960); Sam Fox Publishing Co. v. United States, 366 U.S. 683, 81 S.Ct. 1309, 6 L.Ed.2d 604 (1961); United States v. El Paso Natural Gas Co., 37 F.R.D. 330 (D.C.1965). Accordingly, this Court will deny the motion of Lupton to intervene and will not issue a show cause order nor a temporary injunction or take any other action which will hamper the divestiture of Cupples.